■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MARITZA QUINONES, Respondent. [720 NYS2d 531] —Appeal by the People from an order of the Supreme Court, Kings County (Silverman, J.), dated May 19, 2000, which granted the defendant's motion to dismiss Kings County Indictment No. 1861/2000, with leave to re-present the matter to the Grand Jury on the ground that she was deprived of her right to appear before the Grand Jury pursuant to CPL 190.50.

Ordered that the order is reversed, on the law, the motion is denied, and the indictment is reinstated.

On February 23, 2000, while being arraigned on a felony complaint giving rise to the indictment at issue, the defendant, a prior felony offender, was served by the People with notice pursuant to CPL 190.50 informing her of her right to testify before the Grand Jury concerning the underlying events. Her testimony was scheduled for February 25, 2000. The defendant served a cross-notice of her intent to testify. On Friday, February 25, 2000, counsel for the defendant was informed by telephone and by mail that the defendant's appearance had been rescheduled for Tuesday, February 29, 2000. However, after defense counsel was unable to contact the defendant, the defendant's appearance was rescheduled to March 2, 2000, the day before the term of the Grand Jury that had heard the case against the defendant was to expire. The People also sent the defendant notice of this rescheduled appearance via overnight

mail. On March 2, 2000, defense counsel was still unable to contact the defendant, and hand-delivered to the People a letter requesting that her appearance be rescheduled for March 14, 2000. However, on March 3, 2000, the last day of its term, the Grand Jury voted on the indictment and returned a true bill against the defendant on various charges. The defendant thereafter moved to dismiss the indictment as obtained in violation of CPL 190.50 (5) (a). The Supreme Court granted such relief, with leave to the People to re-present. We reverse and reinstate the indictment.

CPL 190.50 (5) (a) requires that where, as here, a defendant is arraigned on an undisposed felony complaint charging an offense that is a subject of a prospective or pending Grand Jury proceeding, the People must notify the defendant or his or her attorney of the Grand Jury proceeding and give the defendant a reasonable time to appear (*see, People v Smith,* 87 NY2d 715; *People v Jordan,* 153 AD2d 263). The notice given must be "reasonably calculated to apprise the defendant of the Grand Jury proceeding" (*People v Jordan,* 153 AD2d 263, 266-267, *supra*). Telephone notification to the defendant's attorney is sufficient (*see, People v Smith,* 191 AD2d 598). Here, the People properly notified the defendant of the Grand Jury proceeding and accorded her a reasonable time to appear (*see, People v Pugh,* 207 AD2d 503). That defense counsel could not contact his client did not render the People's notice unreasonable or improper (*see, People v Choi,* 210 AD2d 495), and her failure to appear should not be excused when it was of her "own creation" (*People v Savareese,* 258 AD2d 484). Although she was aware that a Grand Jury proceeding was imminent, the defendant made no effort to remain in contact with her attorney, the court, or the People. The defendant did not offer her own affidavit in support of her motion. Rather, the defendant failed to communicate at all relevant times without excuse or explanation. Finally, on the facts presented, the People need not have rescheduled the defendant's testimony a third time in order to meet their obligation under CPL 190.50 (5) (a). Ritter, J. P., Friedmann, H. Miller and Smith, JJ., concur.