as in *People v Hendrix* ([appeal No. 2] 2 AD3d 1479 [2003]).
Present—Green, J.P., Wisner, Gorski and Hayes, JJ.

■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
ANTWANE HENDRIX, Appellant. (Appeal No. 2.) [770 NYS2d 519]—

Appeal from a judgment of Supreme Court, Erie County
(Buscaglia, J.), entered November 19, 1998, convicting defen-
dant upon his plea of guilty of criminal possession of stolen
property in the fourth degree.

It is hereby ordered that the judgment so appealed from be
and the same hereby is unanimously modified on the law by
vacating the sentence and as modified the judgment is affirmed,
and the matter is remitted to Supreme Court, Erie County, for
further proceedings in accordance with the following memoran-
dum: Defendant appeals from three judgments convicting him
upon his pleas of guilty during a single plea proceeding of,
respectively, attempted assault in the first degree (Penal Law
§§ 110.00, 120.10 [1]) (appeal No. 1), criminal possession of
stolen property in the fourth degree (§ 165.45 [1]) (appeal No.
2), and criminal possession of a weapon in the third degree
(§ 265.02 [4]) (appeal No. 3). There is no merit to the conten-
tion of defendant that his waiver of the right to appeal entered
as part of the plea agreement is invalid. Although it appears
from the record that the waiver was not discussed with defen-
dant prior to the plea proceeding, "[t]he facts and circumstances
surrounding the waiver establish that it was voluntary, knowing
and intelligent" (*People v Coleman* [appeal No. 1], 219 AD2d
827, 827 [1995]; *see People v Callahan*, 80 NY2d 273, 283
[1992]). In any event, contrary to defendant's contention, the
agreed-upon terms of incarceration imposed by Supreme Court
are not unduly harsh or severe.

We agree with defendant, however, that the court erred in
enhancing the sentence imposed on the conviction of criminal
possession of stolen property in the fourth degree by ordering
defendant to pay restitution in the amount of $2,015 without af-
fording him the opportunity to withdraw his plea (*see People v
Austin*, 275 AD2d 913 [2000]). Moreover, the court improperly
determined the amount of restitution without conducting a
hearing (*see id.*). Inasmuch as the judgments on appeal were
entered following a single plea proceeding (*cf. People v Fuggaz-
zatto*, 62 NY2d 862, 863 [1984]), we modify the judgments by

vacating the sentences, and we remit the matters to Supreme Court, Erie County, to impose the sentences promised or afford defendant the opportunity to withdraw his pleas of guilty. Present—Green, J.P., Wisner, Gorski and Hayes, JJ.