■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH CARDWELL, Appellant. [771 NYS2d 403]—Appeal from a judgment of the Supreme Court, Erie County (Ronald H. Tills, A.J.), rendered October 26, 2001. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a forged instrument in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a forged instrument in the second degree (Penal Law § 170.25). We reject the contention of defendant that his waiver of the right to appeal was invalid. Supreme Court engaged defendant in an adequate plea colloquy to ensure that his waiver of the right to appeal was knowing and voluntary (cf. People v DeSimone, 80 NY2d 273, 283 [1992]). Defendant's challenge to the amount of restitution is not foreclosed by defendant's waiver of the right to appeal because restitution was not included in the terms of the plea agreement (see People v Talley, 300 AD2d 1038 [2002], lv denied 100 NY2d 566 [2003]). However, defendant waived that challenge when he consented to the restitution amount at

sentencing (*see People v Huffman*, 288 AD2d 907, 908 [2001], *lv denied* 97 NY2d 755 [2002]). Present—Pigott, Jr., P.J., Green, Hurlbutt, Gorski and Lawton, JJ.