1152

Appeal from a judgment of the Seneca County Court (Dennis F. Bender, J.), rendered December 10, 2002. The judgment convicted defendant, upon his plea of guilty, of assault in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law and as a matter of discretion in the interest of justice by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Seneca County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him upon his plea of guilty of assault in the first degree (Penal Law § 120.10 [1]), defendant challenges County Court's imposition of a restitution obligation. Restitution was not included in the terms of the plea bargain, which contained the promise of specific periods of incarceration and postrelease supervision, and thus we conclude that the court erred in ordering defendant to pay restitution without first affording him the opportunity to withdraw his guilty plea (*see People v Harrington*, 3 AD3d 737 [2004]; *People v Hendrix*, 2 AD3d 1479 [2003]; *People v Austin*, 275 AD2d 913 [2000]; *People v McCloskey*, 272 AD2d 983, 984 [2000]). Although defendant failed to preserve his contention for our review (*see People v Parks*, 309 AD2d 1172, 1173 [2003], *lv denied* 1 NY3d 577 [2003], citing *People v Webb*, 299 AD2d 955 [2002], *lv denied* 99 NY2d 565 [2002]), we exercise our power to review the contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Moreover, contrary to the People's argument, the waiver by defendant of the right to appeal does not encompass his contention inasmuch as restitution was not included in the terms of the plea agreement (*see People v Sweeney*, 4 AD3d 769 [2004]; *People v Cardwell*, 4 AD3d 850 [2004]; *People v Talley*, 300 AD2d 1038 [2002], *lv denied* 100 NY2d 566 [2003]). Defendant also failed to preserve for our review his contention that the record is devoid of any basis upon which the court could have ordered defendant to pay restitution to the particular recipient in the particular amount of $550. Nevertheless, under the circumstances of this case, we further reach defendant's contention and conclude that it also has merit (*see* Penal Law § 60.27 [2]; CPL 400.30; *People v Consalvo*, 89 NY2d 140, 144-146 [1996]; *Harrington*, 3 AD3d at 739). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court to impose

the sentence promised or to afford defendant the opportunity to withdraw his plea (*see Hendrix,* 2 AD3d at 1479-1480; *Austin,* 275 AD2d 913 [2000]).

In view of our remittal, we note that, as conceded by the People, the court erred in imposing a restitution surcharge of 10% in the absence of a request by the People for that relief, along with the requisite evidentiary showing (*see* Penal Law § 60.27 [8]). Present—Pine, J.P., Hurlbutt, Kehoe, Lawton and Hayes, JJ.