THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVAN G. THERRIEN, Appellant. [784 NYS2d 771]—

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered September 15, 2003. The judgment convicted defendant, upon his plea of guilty, of attempted forgery in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law and as a matter of discretion in the interest of justice by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Jefferson County Court for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment convicting him, upon his plea

of guilty, of attempted forgery in the second degree (Penal Law §§ 110.00, 170.10 [1]). By failing to object to the imposition of restitution at sentencing, defendant failed to preserve for our review his contention that County Court erred in enhancing the sentence by imposing restitution at sentencing without affording him the opportunity to withdraw his plea (*see People v Delair*, 6 AD3d 1152 [2004]). We nevertheless exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We conclude that, because restitution was not part of the plea agreement, the court should have afforded defendant the opportunity to withdraw his plea before ordering him to pay restitution (*see Delair*, 6 AD3d at 1152; *People v Harrington*, 3 AD3d 737, 738-739 [2004]; *People v Hendrix*, 2 AD3d 1479 [2003]; *People v Austin*, 275 AD2d 913 [2000]). By failing to object to the amount of restitution, defendant also failed to preserve for our review his contention that the court erred in relying exclusively upon the presentence report in determining the amount of restitution (*see People v White*, 266 AD2d 831, 832 [1999]). Nevertheless, we further exercise our power to reach that contention as a matter of discretion in the interest of justice, and we conclude that the court erred in failing to conduct a hearing to determine the amount of restitution (*see Hendrix*, 2 AD3d at 1479; *Austin*, 275 AD2d 913 [2000]; *see generally People v Consalvo*, 89 NY2d 140, 144-145 [1996]). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court to impose the promised sentence or to afford defendant the opportunity to withdraw his plea. Present—Green, J.P., Pine, Scudder, Martoche and Hayes, JJ.