■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE WILKINS, Appellant. [790 NYS2d 666]—

Judgment, Supreme Court, New York County (John Cataldo, J.), rendered November 25, 2002, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

The court's response to a jury note does not warrant reversal. The deliberating jury's question, relating to specific testimony, appeared to call for a yes or no answer, but could not reasonably be answered in that manner. Instead, the court gave a fair and balanced response, essentially repeating instructions already delivered in its main charge, and the court did not express or imply any opinion as to the credibility of any witness or how the

jury should decide the case (*see People v Steinberg*, 79 NY2d 673, 684-685 [1992]). Defendant's interpretation of the note rests on speculation as to the jury's thought processes. In any event, were we to find any error or inadequacy in this instruction, we would find it harmless in view of the overwhelming evidence of defendant's guilt, which included the recovery of buy money from defendant and identification testimony by multiple officers.

The court properly exercised its discretion in denying defendant's mistrial motion made when an officer testified that defendant possessed marijuana at the time of his arrest. Although this was an uncharged crime, the court promptly struck the testimony and instructed the jury to disregard it. The court's curative actions were sufficient to prevent any prejudice (*see People v Santiago*, 52 NY2d 865 [1981]).

The court properly denied defendant's challenge for cause to a prospective juror who initially expressed a tendency to give undue credence to police officers, but ultimately gave an unequivocal assurance that he could put that inclination aside (*see People v Chambers*, 97 NY2d 417, 419 [2002]). Concur—Tom, J.P., Marlow, Sullivan, Nardelli and Williams, JJ.