The People of the State of New York, Respondent, v Stephan Cooke, Appellant. [804 NYS2d 516]—

Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered July 30, 2003. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Erie County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of burglary in the second degree (Penal Law § 140.25 [2]). Defendant failed to object to the imposition of restitution at sentencing and thus failed to preserve for our review his contention that County Court erred in enhancing the sentence by imposing restitution at sentencing without affording him the opportunity to withdraw his plea (see People v Therrien, 12 AD3d 1045, 1046 [2004]; People v Delair, 6 AD3d 1152 [2004]). We nevertheless exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]) and conclude that, because restitution was not part of the plea agreement, the court should have afforded defendant the opportunity to withdraw his plea before ordering him to pay restitution (see Therrien, 12 AD3d at 1046; Delair, 6 AD3d at 1152; People v Harrington, 3 AD3d 737, 738-739 [2004]). In addition, defendant failed to preserve for our review his contention that the court erred in relying exclusively upon the presentence report in determining the amount of restitution (see Therrien, 12 AD3d at 1046). Nevertheless, we further exercise our power to review that contention as a matter of discretion in the interest of justice, and we conclude that the court erred in failing to conduct a hearing to determine the amount of restitution (see id.). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court to impose the promised sentence or to afford defendant the opportunity to withdraw his plea. Present—Pigott, Jr., P.J., Gorski, Martoche, Pine and Lawton, JJ.