■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN ROJAS, Appellant. [814 NYS2d 624]—

Judgment, Supreme Court, Bronx County (Steven L. Barrett, J., on dismissal motion; Michael A. Gross, J., at suppression hearing; Barbara F. Newman, J., at jury trial and sentence), rendered May 3, 2004, convicting defendant of robbery in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.

Although counsel's CPL 190.50 (5) motion to dismiss the indictment for an alleged violation of defendant's right to testify before the grand jury was untimely, this did not deprive defendant of effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). In the first place, an attorney's failure to secure a defendant's right to

testify before the grand jury, without more, does not establish ineffective assistance of counsel or require reversal (*see People v Wiggins*, 89 NY2d 872 [1996]). Furthermore, in addition to denying the motion as untimely, the court also denied it on the merits, and that ruling was correct. Despite an initial failure to produce defendant to testify, the People thereafter provided him with a reasonable opportunity to appear before the grand jury, and his ultimate failure to testify primarily resulted from his own actions (*see e.g. People v Quinones*, 280 AD2d 559 [2001], *appeal withdrawn* 96 NY2d 805 [2001]). Finally, even if counsel made a timely motion, the court granted it, and defendant testified at a new grand jury proceeding, there is no indication that his testimony would have affected the outcome of the proceedings (*see People v Harrison*, 304 AD2d 376 [2003], *lv denied* 100 NY2d 621 [2003]). "All that his appearance before the grand jury would do would be to give the prosecutor a preview of the defense" (*Jenkins v New York State*, 2003 WL 21804846, *2, 2003 US Dist LEXIS 13596, *5 [SD NY 2003]).

The court properly denied defendant's suppression motion. The record supports the hearing court's finding that the lineup identification was not unduly suggestive (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). Defendant's reliance on trial testimony in challenging the suppression ruling is misplaced (*People v Abrew*, 95 NY2d 806, 808 [2000]). The court properly exercised its discretion in imposing reasonable limits on defendant's cross-examination during the hearing, and it accorded defendant sufficient scope in which to explore the description of the perpetrator given by the victim.

The trial court properly declined to impose any sanctions for the People's failure to produce certain items claimed by defendant to be *Rosario* material (*People v Rosario*, 9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]). The tape and Sprint report of a 911 call, in which a nontestifying civilian reported the crime, were not *Rosario* material, even though the nonwitness presumably had relayed information from a person who testified, because these items were not written or recorded statements by a testifying witness (*see e.g. People v Brock*, 293 AD2d 294 [2002], *lv denied* 99 NY2d 556 [2002]; *Matter of Christopher W.*, 202 AD2d 305 [1994]; *People v Williams*, 165 AD2d 839 [1990], *affd* 78 NY2d 1087 [1991]). The tape of a testifying transit employee's call to her Transit Authority command center was not *Rosario* material because the People were not in possession of it and the Transit Authority is not a prosecutorial or law enforcement agency, regardless of the extent to which it may cooperate with the police (*see People v Kelly*, 88 NY2d 248 [1996];

*People v Howard*, 87 NY2d 940 [1996]; *People v Washington*, 86 NY2d 189 [1995]).

The court's delivery of an adverse inference instruction to the jury as a sanction for the loss of a portion of an investigating officer's notes was a proper exercise of discretion (*see People v Martinez*, 71 NY2d 937, 940 [1988]), and preclusion of the officer's testimony was unwarranted.

The court properly exercised its discretion in denying defendant's mistrial motion and in instead striking, with curative instructions, police testimony that defendant had said he had been smoking crack (*see e.g. People v Wilkins*, 16 AD3d 217 [2005], *lv denied* 5 NY3d 796 [2005]). After denying the mistrial, the court, at defendant's request, withdrew the curative instruction and reinstated the offending testimony, upon which defendant then cross-examined the officer. This permitted the People to comment on this evidence on summation in response to defendant's summation arguments (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]). Concur—Buckley, P.J., Mazzarelli, Friedman, Sweeny and McGuire, JJ.