■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH KISTNER, Appellant. [823 NYS2d 795]—

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered June 25, 2004. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Oneida County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him upon his plea of guilty of grand larceny in the second degree (Penal Law § 155.40 [1]), defendant contends that County Court erred in ordering him to pay restitution. Because restitution was not included in the terms of the plea agreement, the waiver by defendant of the right to appeal does not encompass defendant's contention. Although defendant failed to preserve his contention for our review, we exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see People v Appleberry*, 34 AD3d 1257 [2006]; *People v Cooke*, 21 AD3d 1339 [2005]; *People v Delair*, 6 AD3d 1152 [2004]; *cf. People v Lovett*, 8 AD3d 1007, 1007-1008 [2004], *lv denied* 3 NY3d 677 [2004]). We conclude that the court erred in ordering defendant to pay restitution without first affording him an opportunity to withdraw his guilty plea inasmuch as restitution was not included in the terms of the plea agreement (*see Delair*, 6 AD3d at 1152). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court to impose the sentence promised or to afford defendant the opportunity to withdraw his plea (*see id.* at 1152-1153; *People v Hendrix*, 2 AD3d 1479, 1479-1480 [2003]; *People v Austin*, 275 AD2d 913 [2000]). Present—Hurlbutt, A.P.J., Scudder, Gorski, Centra and Green, JJ.