THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SERGIO PONDER, Appellant. [838 NYS2d 767]—

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered August 22, 2003. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree, robbery in the second degree (two counts), assault in the second degree and grand larceny in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, robbery in the first degree (Penal Law § 160.15 [3]) and two counts of robbery in the second degree (§ 160.10 [2] [a], [b]) arising from a bank robbery. We reject defendant's

contention that County Court erred in refusing to suppress the showup identification on the grounds that there were no exigent circumstances for the showup identification procedure and that it was unduly suggestive. Exigent circumstances for a civilian showup are required only when it is conducted at a police station or when it is not held in geographic and temporal proximity to the crime (*see People v Brisco*, 99 NY2d 596, 597 [2003]; *People v Duuvon*, 77 NY2d 541, 544 [1991]; *see also People v Eaves*, 15 AD3d 891 [2005], *lv denied* 4 NY3d 853 [2005]). Here, the showup identification procedure was reasonable under the circumstances inasmuch as defendant was apprehended only a few blocks from the crime scene and the showup was conducted within 25 to 30 minutes of the crime. Further, although defendant was handcuffed and standing next to a police officer during the identification procedure, the identifying witnesses were unable to see the handcuffs behind defendant's back, and "[t]he fact that defendant was standing in the presence of police officers does not by itself render the showup unduly suggestive" (*People v Horne*, 2 AD3d 1399, 1401 [2003], *lv denied* 1 NY3d 629 [2004]; *see also People v Howington*, 284 AD2d 1009 [2001], *lv denied* 97 NY2d 683 [2001]; *People v Rucker*, 277 AD2d 961 [2000], *lv denied* 96 NY2d 763 [2001]). We reject the further contention of defendant in his pro se supplemental brief that the police lacked probable cause for his warrantless arrest. Defendant was found wearing clothing that generally matched the description given by the bank employees, and he had red dye on his clothing and hands that was similar to the red dye used by banks in exploding dye packs (*see People v Branch*, 195 AD2d 474 [1993], *lv denied* 87 NY2d 898 [1995]).

Defendant further contends in his pro se supplemental brief that he received ineffective assistance of counsel because, inter alia, he was denied his right to testify before the grand jury and defense counsel failed to file a motion seeking dismissal of the indictment based on the People's failure to notify defendant of the grand jury proceedings. We reject those contentions. Defendant has failed to demonstrate that the outcome of the grand jury proceedings would have been different had he been afforded an opportunity to testify (*see People v Rojas*, 29 AD3d 405, 406 [2006], *lv denied* 7 NY3d 794 [2006]; *People v Dixon*, 19 AD3d 131 [2005], *lv denied* 5 NY3d 805 [2005]), and "[t]he failure of defendant's . . . attorney to file a timely motion to dismiss the indictment pursuant to CPL 190.50 (5) (c), standing alone, d[oes] not constitute ineffective assistance" (*Dixon*, 19 AD3d at 132; *see People v Wiggins*, 89 NY2d 872, 873 [1996]). With respect to the alleged remaining instances of ineffective assistance of counsel, we conclude that defendant received

meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Also, contrary to defendant's contention, the sentence is not unduly harsh or severe (*see People v Santiago*, 1 AD3d 957 [2003], *lv denied* 1 NY3d 601 [2004]).

We agree, however, with the further contention of defendant that, because restitution was not part of the plea agreement, the court should have afforded him the opportunity to withdraw his plea before ordering him to pay restitution. Although defendant failed to preserve his contention for our review, we exercise our power to review his contention as a matter of discretion in the interest of justice (*see People v Cooke*, 21 AD3d 1339 [2005]; *People v Therrien*, 12 AD3d 1045, 1046 [2004]; *People v Delair*, 6 AD3d 1152 [2004]). The fact that, at sentencing, defendant agreed to pay restitution is of no moment inasmuch as the court "never gave defendant any option to do otherwise" (*People v Branch-El*, 12 AD3d 785, 786 [2004], *lv denied* 4 NY3d 761 [2005]). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court to impose the promised sentence or to afford defendant the opportunity to withdraw his plea. Present—Martoche, J.P., Smith, Centra, Lunn and Peradotto, JJ.