■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER J. MALISZEWSKI, Appellant. [853 NYS2d 792]—

We agree with defendant that the court erred in enhancing his sentence of incarceration based upon his failure to pay restitution arising from previous convictions. "Restitution may be based only on 'the offense for which a defendant was convicted, as well as any other offense that is part of the same criminal transaction or that is contained in any other accusatory instrument disposed of by any plea of guilty' " (*People v Visser*, 256 AD2d 1106, 1107 [1998], quoting Penal Law § 60.27 [4] [a]; *see People v Casiano*, 8 AD3d 761, 762-763 [2004]; *People v Diola*, 299 AD2d 962 [2002], *lv denied* 99 NY2d 581 [2003]). In addition, defendant did not admit the amount of the burglary victim's loss, and the record is insufficient to support the court's finding with respect to the amount of restitution for that loss.

The court therefore erred in failing to conduct a hearing on the issue of restitution for the burglary victim's loss, pursuant to CPL 400.30 (*see People v Dibble* [appeal No. 2], 277 AD2d 969, 970 [2000]). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court to resentence defendant to an indeterminate term of incarceration of 2 to 4 years and to impose restitution for the instant offense following a hearing to determine the amount of restitution or to afford defendant the opportunity to withdraw his plea. Present— Smith, J.P., Lunn, Peradotto, Green and Pine, JJ.