■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER J. MALISZEWSKI, Appellant. [876 NYS2d 266]—

Appeal from a resentence of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered June 26, 2008. Defendant was resentenced to an indeterminate term of incarceration of 3 to 6 years and restitution upon his conviction of burglary in the third degree.

It is hereby ordered that the resentence so appealed from is affirmed.

Memorandum: Defendant appeals from a resentence imposed upon remittal of this matter to County Court (*People v Maliszewski*, 49 AD3d 1165 [2008]). In the prior appeal from a judgment convicting defendant upon his plea of guilty of burglary in the third degree (Penal Law § 140.20), we agreed with defendant that the court erred in "enhancing his sentence of incarceration based upon his failure to pay restitution arising from previous convictions" (49 AD3d at 1165). We further concluded that the court "erred in failing to conduct a hearing on the issue of restitution" for the instant offense (*id.* at 1166). We therefore modified the judgment by vacating the sentence, and we "remit[ted] the matter to County Court to resentence defendant to an indeterminate term of incarceration of 2 to 4 years and to impose restitution for the instant offense following a hearing to determine the amount of restitution or to afford defendant the opportunity to withdraw his plea" (*id.*).

The record of the original plea proceeding establishes that counsel had discussed a plea agreement of 2½ to 5 years and that the court had not yet agreed to any plea proposal when defendant asked the court to impose an indeterminate term of incarceration of 2 to 4 years in the event that he paid one half of the amount of restitution that he owed with respect to previous convictions. The court stated that it would sentence defendant as requested if he paid the agreed-upon restitution within three weeks and that, if he did not pay that restitution, the court would impose an indeterminate term of incarceration of 3 to 6 years. Based upon defendant's failure to pay any restitution, the court imposed an indeterminate term of incarceration of 3 to 6 years and restitution for the instant offense.

Contrary to defendant's contention, we did not direct the court upon remittal to afford *defendant* the option to be resentenced to an indeterminate term of incarceration of 2 to 4 years with the proper amount of restitution for the instant offense only, or to withdraw his plea. Rather, as the court properly determined upon remittal, it was for the *court* to determine whether to resentence defendant to an indeterminate term of

incarceration of 2 to 4 years or to afford defendant the opportunity to withdraw his plea (*see generally People v Waggoner*, 53 AD3d 1143, 1144 [2008]; *People v Appleberry*, 34 AD3d 1257 [2006]; *People v Robinson*, 21 AD3d 1356, 1357 [2005]). The court exercised its option to afford defendant the opportunity to withdraw his plea, thereby in effect "afford[ing] defendant the option of either withdrawing his guilty plea and proceeding to trial on the original indictment or accepting [a] proper sentence. Defendant, by declining to withdraw his guilty plea, effectively chose the latter option" (*People v D'Avolio*, 176 AD2d 1245 [1991], *lv denied* 79 NY2d 855 [1992]). The court thereafter properly resentenced defendant as a second felony offender to an indeterminate term of incarceration of 3 to 6 years (*see* Penal Law § 70.06 [3] [d]; [4] [b]; *D'Avolio*, 176 AD2d 1245 [1991]).

All concur except Centra and Fahey, JJ., who dissent and vote to reverse in accordance with the following memorandum.

Centra and Fahey, JJ. (dissenting). We respectfully dissent because we cannot agree with the majority that, pursuant to the decision of this Court in the prior appeal (*People v Maliszewski*, 49 AD3d 1165 [2008]), County Court upon remittal properly sentenced defendant to an indeterminate term of incarceration of 3 to 6 years after he declined to withdraw his plea. We set forth in our prior decision that the original plea agreement provided that defendant would be sentenced to an indeterminate term of incarceration of 2 to 4 years if he paid half the amount of restitution that remained unpaid from previous convictions and "that the term of incarceration would otherwise be 3 to 6 years" (*id.* at 1165). When it appeared at sentencing that defendant had failed to pay the requisite amount of restitution, the court imposed an indeterminate term of incarceration of 3 to 6 years and restitution for the instant offense (*id.*). This Court determined that it was illegal to enhance the sentence of incarceration based upon defendant's failure to pay restitution arising from previous convictions, and we remitted the matter to County Court with the directive quoted in the majority's decision (*id.* at 1166).

In our view, the language of our prior decision establishes that the intent was to remit the matter to County Court for the purpose of imposing an indeterminate term of incarceration of 2 to 4 years and restitution in an amount to be determined following a hearing in the event that defendant declined to withdraw his plea. Inasmuch as we previously concluded that the term of incarceration of 3 to 6 years originally imposed was illegal, plain logic does not support an unencumbered remittal permitting the court to impose the enhanced sentence that we

concluded was illegal. We therefore would reverse the resentence and remit the matter to County Court for a further resentencing before a different judge in accordance with our prior decision (*id.*). Present—Scudder, P.J., Hurlbutt, Smith, Centra and Fahey, JJ.