■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IAN HUNTER, Appellant. [874 NYS2d 854]—The case is held, the decision is reserved, the motion to relieve counsel of assignment is granted and new counsel is to be assigned. Memorandum: Defendant was convicted upon a guilty plea of burglary in the

second degree (Penal Law § 140.25 [2]), and was sentenced to a determinate term of imprisonment of six years and a three-year period of postrelease supervision. Defendant was also ordered to pay restitution in the amount of $5,287.38. Defendant's assigned appellate counsel has moved to be relieved of the assignment pursuant to *People v Crawford* (71 AD2d 38 [1979]), and has submitted an affirmation in which he concludes that there are no nonfrivolous issues meriting this Court's consideration. The record reveals that restitution was not part of the plea agreement. This fact raises the issue of whether County Court erred in ordering defendant to pay restitution without affording him an opportunity to withdraw his plea (*see People v Ponder*, 42 AD3d 880 [2007], *lv denied* 9 NY3d 925 [2007]). Therefore, we relieve counsel of his assignment and assign new counsel to brief this issue, as well as any other issues that counsel's review of the record may disclose. (Appeal from Judgment of Livingston County Court, Dennis S. Cohen, J.—Burglary, 2nd Degree). Present—Scudder, P.J., Smith, Peradotto, Carni and Green, JJ.