■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRETT H. THOMAS, Appellant. [908 NYS2d 284]—

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered October 29, 2007. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree (two counts) and grand larceny in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his guilty plea, of two counts of burglary in the third degree (Penal Law § 140.20) and one count of grand larceny in the third degree (§ 155.35). Contrary to the contention of defendant, his waiver of the right to appeal is valid inasmuch as the record of the plea proceedings establishes that County Court

did not conflate the right to appeal with those rights automatically forfeited upon a guilty plea when it explained defendant's rights during the plea colloquy (see *People v Dozier*, 74 AD3d 1808 [2010]; *People v Dillon*, 67 AD3d 1382 [2009]). We conclude that defendant's waiver of the right to appeal was knowingly, intelligently, and voluntarily entered, and that it encompasses defendant's challenge to the severity of the sentence (see *People v Lopez*, 6 NY3d 248, 255-256 [2006]). The valid waiver by defendant of the right to appeal also encompasses his challenge to the amount of restitution ordered inasmuch as the exact amount of restitution was included in the plea agreement (see *People v Gordon*, 43 AD3d 1330 [2007], *lv denied* 9 NY3d 1006 [2007]). Although the further contention of defendant that the plea was not voluntarily entered survives his waiver of the right to appeal, he failed to preserve that contention for our review because he failed to move to withdraw the plea or to vacate the judgment of conviction (see *People v Diaz*, 62 AD3d 1252 [2009], *lv denied* 12 NY3d 924 [2009]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Present—Centra, J.P., Peradotto, Lindley, Sconiers and Gorski, JJ.