■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. SWEENEY, Appellant. [915 NYS2d 775]—

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered June 25, 2009. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]), defendant contends that his waiver of the right to appeal is invalid. We reject that contention inasmuch as "County Court engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v James*, 71 AD3d 1465, 1465 [2010] [internal quotation marks omitted]). The further contention of defendant that the court erred in ordering him to pay restitution is encompassed by his valid waiver of the right to appeal inasmuch as the court informed defendant that it may impose restitution (*cf. People v Kistner*, 34 AD3d 1316 [2006]). In any event, defendant failed to preserve that contention for our review because, although he objected to the amount of restitution at sentencing, he did not object to the imposition of restitution at the plea proceeding, at sentencing or before signing the confession of judgment (*see generally People v Hunter*, 72 AD3d 1536 [2010]; *People v Therrien*, 12 AD3d 1045 [2004]). Defendant's challenge to the severity of the sentence is also encompassed by the valid waiver of the right to appeal (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]). Present—Martoche, J.P., Centra, Fahey, Lindley and Sconiers, JJ.