■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL MCKAY, Appellant. [924 NYS2d 844]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Silber, J.), rendered February 26, 2009, convicting him of criminal possession of a controlled substance in the third degree (two counts), reckless endangerment in the second degree, and reckless driving, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of reckless endangerment in the second degree and vacating the sentence imposed thereon; as so modified, the judgment is affirmed.

The defendant's contention that he was denied his statutory right to testify before the grand jury (*see* CPL 190.50 [5] [a]) is without merit. The People properly notified him of the grand jury proceeding and accorded him a reasonable time to appear (*see People v Sawyer*, 96 NY2d 815, 816 [2001]; *People v Pugh*,

207 AD2d 503, 503 [1994]). The record supports the conclusion that his failure to testify was based on his own actions (*see People v Rojas*, 29 AD3d 405, 406 [2006]; *People v Dunham*, 292 AD2d 269 [2002]; *People v Quinones*, 280 AD2d 559, 560 [2001]; *People v Clark*, 267 AD2d 4 [1999]; *People v Savareese*, 258 AD2d 484, 484 [1999]). The People rescheduled the defendant's testimony to accommodate an alleged medical condition and there is nothing in the record indicating that this medical condition prevented him from appearing at the rescheduled time. Under the circumstances, the People did not need to reschedule an additional time in order to meet their obligations under CPL 190.50 (5) (a) (*see People v Quinones*, 280 AD2d at 560).

The defendant's conviction of reckless endangerment in the second degree (*see* Penal Law § 120.20), however, must be vacated. That count of the indictment had been dismissed prior to trial and was mistakenly submitted to the jury (*see People v Long*, 56 AD3d 685 [2008]; *People v Flores*, 43 AD3d 955, 955 [2007]; *People v Romero*, 309 AD2d 953, 954 [2003]; *People v Harris*, 229 AD2d 595, 595 [1996]). Mastro, J.P., Dickerson, Chambers and Roman, JJ., concur.