# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1244**
**KA 09-01286**
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JOEL A. LEWIS, DEFENDANT-APPELLANT.

---

THEODORE W. STENUF, MINOA, FOR DEFENDANT-APPELLANT.

DONALD H. DODD, DISTRICT ATTORNEY, OSWEGO (MICHAEL G. CIANFARANO OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered May 22, 2009. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Oswego County Court for further proceedings in accordance with the following Memorandum: On appeal from a judgment convicting him, following his plea of guilty, of burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that County Court erred in refusing to suppress physical evidence taken from him by the police as well as statements that he made to the police. We reject that contention. The evidence adduced at the suppression hearing established that the police had the authority to arrest defendant for operating a motor vehicle while his registration was suspended or revoked, a misdemeanor (Vehicle and Traffic Law § 512; *see People v Brown*, 306 AD2d 291, *lv denied* 100 NY2d 618). Thus, the police had the authority to conduct a search incident to his arrest (*see People v Troiano*, 35 NY2d 476, 478). We further note that any statements made by defendant before he was advised of his *Miranda* rights were spontaneous and were not the result of questioning or conduct reasonably likely to elicit any statements (*see People v Huffman*, 61 NY2d 795, 797). With respect to the statements following the administration of *Miranda* rights, we defer to the court's credibility determination that defendant understood his *Miranda* rights and knowingly, intelligently and voluntarily waived them before agreeing to speak to the police and to provide a written statement (*see People v Twillie*, 28 AD3d 1236, 1237, *lv denied* 7 NY3d 795).

Defendant failed to object to the imposition of restitution at sentencing and failed to request a restitution hearing and thus has

failed to preserve for our review his contention that the court erred in ordering him to pay restitution (*see People v Lovett*, 8 AD3d 1007, *lv denied* 3 NY3d 673, 677).  Nevertheless, we exercise our power to review his contention as a matter of discretion in the interest of justice, particularly because the court stated at the plea hearing that restitution was not being sought (*cf. People v Sweeney*, 79 AD3d 1789, *lv denied* 16 NY3d 900), and the record is devoid of any evidence supporting the amount of restitution that defendant was required to pay.  We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court to impose the sentence promised or to afford defendant the opportunity to move to withdraw his plea (*see People v Kistner*, 34 AD3d 1316; *People v DeLair*, 6 AD3d 1152).

Entered:  November 10, 2011                        Patricia L. Morgan
                                                   Clerk of the Court