# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**11**
**KA 10-02351**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                        MEMORANDUM AND ORDER

BRENDAN J. RHODES, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

KEITH A. SLEP, DISTRICT ATTORNEY, BELMONT, FOR RESPONDENT.

-----------------------------------------------------------------------------------------------------

Appeal from a judgment of the Allegany County Court (Thomas P. Brown, J.), rendered July 19, 2010. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Allegany County Court for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of robbery in the first degree (Penal Law § 160.15 [4]). By failing to move to withdraw the plea or to vacate the judgment of conviction, defendant failed to preserve for our review his contention that his plea was not knowingly, voluntarily and intelligently entered (*see People v Diaz*, 62 AD3d 1252, *lv denied* 12 NY3d 924), as well as his challenge to the factual sufficiency of the plea allocution (*see People v Lopez*, 71 NY2d 662, 665; *People v Dowdell*, 35 AD3d 1278, 1279, *lv denied* 8 NY3d 921). This case does not fall within the rare exception to the preservation requirement inasmuch as the plea allocution does not "cast[] significant doubt upon the defendant's guilt or otherwise call[] into question the voluntariness of the plea" (*Lopez*, 71 NY2d at 666, *see People v Neal*, 56 AD3d 1211, *lv denied* 12 NY3d 761).

By failing to object to the imposition of restitution at sentencing, which was not a part of the plea agreement, defendant failed to preserve for our review his contention that County Court erred in enhancing the sentence by imposing restitution at sentencing without affording him the opportunity to withdraw the plea (*see People v Delair*, 6 AD3d 1152). We nevertheless exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]), and we conclude that, because restitution was not part of the plea agreement, the court should have afforded

defendant the opportunity to withdraw his plea before ordering him to pay restitution (*see People v Therrien*, 12 AD3d 1045, 1046).  In addition, defendant failed to preserve for our review his contention that the record is insufficient to support the amount of restitution ordered (*see generally People v Cooke*, 21 AD3d 1339).  We further exercise our power to review that contention as a matter of discretion in the interest of justice, however, and we conclude that the court erred in failing to conduct a hearing to determine the amount of restitution (*see id.*).  We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court to impose the promised sentence or to afford defendant the opportunity to withdraw his plea.

Entered:  January 31, 2012

Frances E. Cafarell
Clerk of the Court