# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

1218
KA 11-00695
PRESENT: CENTRA, J.P., PERADOTTO, SCONIERS, VALENTINO, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

ARCHANGEL L. SOLER, JR., DEFENDANT-APPELLANT.

---

JOHN E. TYO, SHORTSVILLE, FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (BRIAN D. DENNIS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered March 16, 2011. The judgment convicted defendant, upon a jury verdict, of burglary in the third degree and grand larceny in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of burglary in the third degree (Penal Law § 140.20) and grand larceny in the fourth degree (§ 155.30 [1]), defendant contends that the verdict is against the weight of the evidence. Although an acquittal would not have been unreasonable (*see People v Danielson*, 9 NY3d 342, 348), we conclude that, viewing the evidence in light of the elements of the crimes as charged to the jury (*see id*. at 349), the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant further contends that he was denied effective assistance of counsel because defense counsel did not facilitate defendant's request to appear before the grand jury. We reject that contention, inasmuch as "defendant failed to establish that he was prejudiced by the failure of his attorney to effectuate his appearance before the grand jury" (*People v Simmons*, 10 NY3d 946, 949; *see also People v Ponder*, 42 AD3d 880, 881, *lv denied* 9 NY3d 925). Indeed, defendant never informed County Court why he wished to testify, nor did he explain how his testimony would have affected the outcome of the grand jury proceedings. Instead, defendant stated that he wanted to prove that his constitutional rights had been violated, but he did not specify which rights had been violated or how they had been violated. Thus, "there is no claim that had [defendant] testified in the grand jury, the outcome would have been different" (*Simmons*, 10 NY3d at 949; *see People v Rojas*, 29 AD3d 405, 406, *lv denied* 7 NY3d 794). We also note that defendant

did not testify at trial (*see People v Sutton*, 43 AD3d 133, 136, *affd* 10 NY3d 946).  Defendant's remaining contentions regarding defense counsel's alleged ineffectiveness are without merit.

Entered:  November 16, 2012                    Frances E. Cafarell
                                               Clerk of the Court