# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

539

KA 13-00048

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

GUNNER NORTHRUP, DEFENDANT-APPELLANT.

---

DAVID J. PAJAK, ALDEN, FOR DEFENDANT-APPELLANT.

DONALD G. O'GEEN, DISTRICT ATTORNEY, WARSAW (MARSHALL A. KELLY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Wyoming County Court (Mark H. Dadd, J.), rendered December 21, 2012. The judgment convicted defendant, upon his plea of guilty, of robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the second degree (Penal Law § 160.10 [1]). We conclude that defendant's waiver of the right to appeal is valid (*see generally People v Bradshaw*, 18 NY3d 257, 264; *People v Lopez*, 6 NY3d 248, 256), and that it encompasses his challenge to the amount of restitution ordered because "the exact amount of restitution was included in the plea agreement" (*People v Thomas*, 77 AD3d 1325, 1326, *lv denied* 16 NY3d 800; *see People v Gordon*, 43 AD3d 1330, 1331, *lv denied* 9 NY3d 1006). In any event, defendant failed to preserve for our review his challenge to the amount of restitution inasmuch as he did not object to that amount at either the plea proceeding or at the time of sentencing, and he did not request a hearing on that issue (*see People v McCarthy*, 83 AD3d 1533, 1534, *lv denied* 17 NY3d 819; *People v Sweeney*, 79 AD3d 1789, 1789, *lv denied* 16 NY3d 900; *see also People v Horne*, 97 NY2d 404, 414 n 3).

The appeal waiver, however, does not encompass defendant's contention concerning the denial of his request for youthful offender status inasmuch as "[n]o mention of youthful offender status was made before defendant waived his right to appeal during the plea colloquy" (*People v Anderson*, 90 AD3d 1475, 1476, *lv denied* 18 NY3d 991; *see People v Jones*, 107 AD3d 1611, 1611, *lv denied* 21 NY3d 1043, *reconsideration denied* 22 NY3d 956). In any event, " '[h]aving considered the facts and circumstances of this case,' " we reject defendant's contention that County Court abused its discretion in

denying him youthful offender status (*People v Guppy*, 92 AD3d 1243, 1243, *lv denied* 19 NY3d 961; *see People v Potter*, 13 AD3d 1191, 1191, *lv denied* 4 NY3d 889; *see generally* CPL 720.20 [1] [a]), and we decline to exercise our interest of justice jurisdiction to adjudicate defendant a youthful offender (*see generally People v Shrubsall*, 167 AD2d 929, 930-931).  Finally, the valid appeal waiver forecloses any challenge by defendant to the severity of the sentence (*see Lopez*, 6 NY3d at 255; *cf. People v Adams*, 94 AD3d 1428, 1429, *lv denied* 19 NY3d 970; *see generally People v Lococo*, 92 NY2d 825, 827; *People v Hidalgo*, 91 NY2d 733, 737).

Entered:  May 2, 2014                          Frances E. Cafarell
                                               Clerk of the Court