# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**53**
**KA 11-00580**
PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, CARNI, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

PIERRE C. WILSON, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ERIN TUBBS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered November 3, 2010. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree (six counts) and robbery in the second degree (23 counts).

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Monroe County Court for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of six counts of robbery in the first degree (Penal Law § 160.15 [3]) and 23 counts of robbery in the second degree (§ 160.10 [1]; [2] [a], [b]). We reject defendant's contention that his sentence is unduly harsh and severe. We agree with defendant, however, that, because restitution was not part of the plea agreement, County Court should have afforded him the opportunity to withdraw his plea before ordering him to pay restitution (see *People v Ponder*, 42 AD3d 880, 882, *lv denied* 9 NY3d 925; *People v Robinson*, 21 AD3d 1356, 1357). Although defendant failed to preserve his contention for our review, we exercise our power to review it as a matter of discretion in the interest of justice (see *Ponder*, 42 AD3d at 882). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court to impose the promised sentence or to afford defendant the opportunity to withdraw his plea.

Entered: February 6, 2015                    Frances E. Cafarell
                                             Clerk of the Court