■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BOYD, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of burglary in the first degree, unlawful imprisonment in the second degree and menacing. He contends that the prosecutor's remarks on opening statement limited the theory of the case to establishing that, at the time of unlawful entry, defendant intended to

commit the crimes of unlawful imprisonment and menacing and that, since the evidence was insufficient to establish such specific intent at the time of entry, the conviction for burglary must be reversed. That contention is without merit.

In a burglary case the prosecution does not have to prove the exact crime that defendant intended to commit when unlawfully entering the premises *(People v Mackey,* 49 NY2d 274). Here, the prosecutor's reference to specific crimes, prior to and during his opening statement, related to defendant's intent while inside the premises, not at the time of entry. We conclude, therefore, that the prosecution did not limit its theory of intent.

The intent to commit a crime may be inferred from circumstances of the entry *(see, People v Barnes,* 50 NY2d 375, 381). Proof that defendant entered the victims' apartment at 4:00 A.M. by pushing open the closed door, attempted to pull the covers off a female victim and stated that he wanted to have sex with her and that he was looking for drugs was legally sufficient to support the guilty verdict on two counts of burglary in the first degree.

We also reject defendant's contention that the sentence is harsh and excessive. The remaining issues raised by defendant, including his contention that the court erred in instructing the jury on the intent element of burglary offenses, were not preserved for our review *(see,* CPL 470.05 [2]; *People v Lipton,* 54 NY2d 340), and we decline to exercise our discretionary review powers *(see,* CPL 470.15 [6] [a]). In any event, proof of guilt on the burglary counts was overwhelming, and any errors were harmless *(see, People v Crimmins,* 36 NY2d 230, 242). (Appeal from judgment of Monroe County Court, Marks, J.—burglary, first degree.) Present—Dillon, P. J., Callahan, Denman, Balio and Davis, JJ.