■ The People of the State of New York, Respondent, v Michael B. Collier, Appellant. (Appeal No. 1.) [614 NYS2d 83] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that his guilty plea to burglary in the second degree under superior court information No. 92-45 is deficient because he did not admit the specific crime he intended to commit when he knowingly entered the dwelling unlawfully. There is no requirement that the People allege or prove what particular crime was intended, or that the intended crime actually be committed (see, People v Mahboubian, 74 NY2d 174, 193; People v Mackey, 49 NY2d 274, 278-281; People v Boyd, 161 AD2d 1145, lv denied 76 NY2d 785).

Additionally, we conclude that the record establishes that defendant's pleas of guilty to escape in the second degree under superior court information No. 93-01 and to burglary in the second degree under superior court information No. 92-45 are knowing and voluntary. Further, the sentences imposed are neither unduly harsh nor severe, and we decline to modify them as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [b]). The court properly imposed a mandatory surcharge of $155 upon defendant's conviction of a felony (see, Penal Law § 60.35 [1] [a]).

Finally, we are obliged to comment on the failure of the District Attorney to file a brief in opposition to defendant's argument and in support of the judgment of conviction. Such failure is appropriate only when the appeal is from a judgment that the District Attorney concedes should be reversed

*(see, People v Dutcher,* 192 AD2d 1093, *lv denied* 81 NY2d 1072; *People v Herman,* 187 AD2d 1027). (Appeal from Judgment of Genesee County Court, Morton, J.—Burglary, 2nd Degree.) Present—Pine, J. P., Balio, Fallon, Wesley and Davis, JJ.