*956 Appeal from a judgment of Supreme Court, Monroe County (Fisher, J.), entered May 7, 2002, convicting defendant after a jury trial of criminal sale of a controlled substance in the third degree.
It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him after a jury trial of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), the sole contention of defendant is that the pretrial court erred in denying his motion seeking to dismiss the indictment based on the alleged denial of his statutory right to a speedy trial (see CPL 30.30 [1] [a]). We reject that contention. The criminal action commenced with the filing of the felony complaint on October 17, 2000, and thus the six-month period extended to April 18, 2001. The record establishes that the indictment was filed with the Clerk of the Supreme and County Courts on April 13, 2001, and a written notification of trial readiness was attached to the indictment. “[A] statement of readiness made contemporaneously with the filing of the indictment can be effective to stop the ‘speedy trial’ clock if the indictment is filed at least two days before the CPL 30.30 period ends” (People v Carter, 91 NY2d 795, 798 [1998]), and here the indictment was so filed. The People thereafter “promptly notif[ied]” defense counsel of the statement of readiness (People v Kendzia, 64 NY2d 331, 337 n [1985]). Present— Pigott, Jr., P.J., Pine, Scudder, Gorski and Lawton, JJ.