THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDGAR SOMMERVILLE, Appellant. [816 NYS2d 651]—

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered August 10, 2004. The judgment convicted defendant, upon a jury verdict, of assault in the second degree (three counts), endangering the welfare of a child (three counts) and criminal possession of a weapon in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of three counts each of assault in the second degree (Penal Law § 120.05 [2]) and endangering the welfare of a child (§ 260.10 [1]), and one count of criminal possession of a weapon in the fourth degree (§ 265.01 [2]). Although we agree with defendant that County Court erred in admitting the opinion testimony of child protective workers concerning the demeanor of the victims and defendant when they were interviewed prior to trial (see People v Ciaccio, 47 NY2d 431, 439 [1979]), we conclude that any error in the admission of that testimony is harmless. The victims and defendant testified at trial, thus providing the jury with its own opportunity to assess the veracity and demeanor of the victims and defendant. We conclude that there is no significant probability that the jury would have acquitted defendant but for the error in the admission of that testimony (see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]).

We reject the further contention of defendant that the court erred in allowing the People to present evidence at trial that was beyond the scope of their bill of particulars and the evidence presented to the grand jury. The record establishes that the charges for which defendant was tried were sufficiently set forth in the People's amended bill of particulars and that the information therein was presented to the grand jury such that the theory of the prosecution did not change at trial (see People v Greaves, 1 AD3d 979, 980 [2003]; see also People v Rivera, 22 AD3d 888, 889 [2005], lv denied 6 NY3d 780 [2006]). We reject defendant's further contention that the court erred in admitting evidence of defendant's prior abusive conduct toward the victims (see People v Cook, 251 AD2d 1033, 1034 [1998], affd 93 NY2d 840 [1999]). Defendant did not preserve for our review

his contention that the court erred in failing to give a limiting instruction with respect to that *Molineux* evidence and, in any event, any error in the court's failure to give a limiting instruction is harmless (*see People v Ward*, 10 AD3d 805, 807 [2004], *lv denied* 4 NY3d 768 [2005]). Also contrary to the contention of defendant, he received effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Defendant did not preserve for our review his contention that the evidence is legally insufficient to sustain the conviction of assault in the second degree (*see People v Gray*, 86 NY2d 10, 19 [1995]) and, in any event, we conclude that the evidence is legally sufficient to establish that the respective victims experienced substantial pain in connection with the injuries inflicted by defendant (*see* Penal Law § 10.00 [9]). Finally, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), and the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Gorski, Martoche, Smith and Hayes, JJ.