■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARY ATTFIELD, Appellant. [817 NYS2d 821]—

Appeal from a judgment of the Niagara County Court (Peter L. Broderick, Sr., J.), rendered May 13, 2003. The judgment convicted defendant, upon a jury verdict, of burglary in the third degree, petit larceny and criminal mischief in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the third degree (Penal Law § 140.20), petit larceny (§ 155.25) and criminal mischief in the fourth degree (§ 145.00 [1]). Contrary to defendant's contention, the conviction of burglary is supported by legally sufficient evidence (*see generally People v Thompson*, 72 NY2d 410, 413 [1988], *rearg denied* 73 NY2d 870 [1989]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). "The crime of burglary requires only a knowing unlawful entry with intent to commit a crime therein . . . , and such intent may be inferred from the circumstances of the entry" (*People v Mainella*, 2 AD3d 1330, 1330 [2003], *lv denied* 2 NY3d 742, 3 NY3d 660 [2004]). Here, the People presented evidence establishing that defendant entered the subject premises by removing a ceiling tile and removed property, thus supporting the inference of an intent to commit the crime of burglary (*see People v Barnes*, 50 NY2d 375, 381 [1980]; *People v Gates*, 170 AD2d 971 [1991], *lv denied* 78 NY2d 922 [1991]; *People v Boyd*, 161 AD2d 1145 [1990], *lv denied* 76 NY2d 785 [1990]). Contrary to defendant's further contentions, the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495), and the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Smith and Green, JJ.