▆▆▆ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS J. SKUPIEN, Appellant. [825 NYS2d 882]—

Appeal from a judgment of the Niagara County Court (Amy J. Fricano, J.), rendered March 16, 1999. The judgment convicted defendant, upon a jury verdict, of burglary in the third degree, grand larceny in the third degree and criminal mischief in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, after a jury trial, of burglary in the third degree (Penal Law § 140.20), grand larceny in the third degree (§ 155.35) and criminal mischief in the third degree (§ 145.05). We reject defendant's contention that the evidence is legally insufficient with respect to the burglary count. The element of intent may be inferred from the circumstances of the entry, and here the People presented evidence establishing that the door to the subject premises was forcibly opened and that a safe was removed and emptied of its contents, including cash (*see People v Attfield*, 31 AD3d 1187 [2006], *lv denied* 7 NY3d 846 [2006]). Furthermore, several witnesses testified that defendant admitted his involvement in the burglary, and they further testified that defendant purchased new clothing and a car shortly after the commission of the burglary. Viewing the evidence in the light most favorable to the People, we thus conclude that it is

legally sufficient to support the burglary count (*see generally People v Williams*, 84 NY2d 925, 926 [1994]). Defendant failed to specify the basis for seeking dismissal of the remaining counts and therefore failed to preserve for our review his contention that the evidence is legally insufficient with respect to those counts (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, we conclude that defendant's contention is without merit, and we further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Contrary to defendant's further contention, County Court did not abuse its discretion in admitting the expert testimony of a police witness with respect to the absence of fingerprints at the crime scene (*see generally People v Lee*, 96 NY2d 157, 162 [2001]). Present—Scudder, P.J., Hurlbutt, Gorski and Pine, JJ.