■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PIERRE WILLIAMS, Appellant. [831 NYS2d 416]—

Judgment, Supreme Court, New York County (Eduardo Padro, J.), rendered September 8, 2004, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him, as a second felony offender, to a term of eight years, unanimously affirmed. The matter is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

Defendant failed to preserve his present challenge to the sufficiency of the evidence (*see People v Padro*, 75 NY2d 820 [1990]), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the verdict was based on legally sufficient evidence. The evidence supported the inference that when defendant unlawfully entered the victim's hospital room, he did so with intent to commit a crime. It is of no moment that the jury acquitted defendant of sexual abuse in the third degree. In the first place, that crime requires proof of a completed act, whereas burglary only requires an

intent to commit a crime. Moreover, the People did not expressly limit themselves to the theory that sexual abuse was the intended crime (*see People v Goldsmith*, 127 AD2d 293, 295-296 [1987], *lv denied* 70 NY2d 711 [1987]).

The trial court also properly declined to charge criminal trespass in the second degree as a lesser included offense, since there was no reasonable view of the evidence, viewed in a light most favorable to defendant, upon which to find that defendant unlawfully entered the hospital room, but did so for a noncriminal purpose (*see People v Mongen*, 157 AD2d 82 [1990], *appeal dismissed* 76 NY2d 1015 [1990]). Concur—Tom, J.P., Sullivan, Williams, Buckley and Malone, JJ.