■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARWIN J. PORTER, Appellant. [837 NYS2d 455]—

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered March 30, 2005. The judgment convicted defendant, upon a jury verdict, of robbery in the third degree, burglary in the second degree, and resisting arrest.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the third degree (Penal Law § 160.05), burglary in the second degree (§ 140.25 [2]), and resisting arrest (§ 205.30). Defendant contends that the evidence is legally insufficient to support the burglary conviction because the People failed to establish that defendant intended to commit the crime of resisting arrest when he unlawfully entered a dwelling (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We reject that contention. According to the evidence presented at trial, defendant handed a note to a bank teller, threatening her life and demanding money. Defendant fled on foot after receiving the money, and he was observed shortly thereafter by a police officer who had heard a radio transmission of the description of the bank robbery suspect. The officer was in his vehicle approximately one block away from defendant, and he testified that defendant was running directly toward him when defendant turned abruptly into a house. The officer did not know whether defendant saw the police vehicle before entering the house. Defendant ran out the

back door of the house and was chased on foot until he was apprehended by another officer, at which time he was placed under arrest for the robbery.

The People had to establish only that defendant intended to resist arrest when he unlawfully entered the house, not that he actually committed the crime of resisting arrest (*see People v Williams*, 38 AD3d 327 [2007]; *People v Kownack*, 20 AD3d 681, 682 [2005]; *see generally People v Mackey*, 49 NY2d 274, 279 [1980]). We conclude that the jury could reasonably infer from the evidence presented at trial that defendant observed the officer approximately one block away and that he therefore unlawfully entered the house with the intent to prevent or attempt to' prevent the officer from effecting an authorized arrest (*see* Penal Law § 205.30; *see generally Bleakley*, 69 NY2d at 495).

Contrary to defendant's further contention, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Gorski, Martoche, Smith and Green, JJ.