■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HIRAM RIVERA, Appellant. [837 NYS2d 460]—

Appeal from a judgment of the Chautauqua County Court (John T. Ward, J.), rendered January 20, 2004. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree, assault in the first degree and burglary in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, burglary in the first degree (Penal Law § 140.30 [2]) and assault in the first degree (§ 120.10 [1]), arising out of the assault of a 13-year-old girl in the girl's apartment. Defendant failed to preserve for our review his contentions that the evidence is legally insufficient with respect to the conviction of burglary and assault inasmuch as he failed to renew his motion for a trial order of dismissal after presenting evidence (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). In any event, defendant's contentions lack merit (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We conclude with respect to the burglary conviction that the People were not required to prove the precise crime that defendant intended to commit while unlawfully inside the victim's apartment (*see People v Barnes*, 50 NY2d

375, 379 n 3 [1980]). Also contrary to the contention of defendant, the jury was entitled to infer his intent to commit a crime while unlawfully in the apartment based upon the circumstances of the unlawful entry as well as his other actions while inside the apartment (*see People v Mackey*, 49 NY2d 274, 280 [1980]; *People v Garcia*, 17 AD3d 283 [2005], *lv denied* 5 NY3d 789 [2005]). Defendant contends with respect to the assault conviction that the People failed to establish that the victim sustained a serious physical injury. We reject that contention. The People presented evidence establishing that the victim lost a significant amount of blood, suffered petechial hemorrhages in her eyes, underwent surgery on her neck that left a significant and visible scar, and was hospitalized for three days following the surgery (*see People v Johnson*, 23 AD3d 686 [2005]; *People v Bailey*, 275 AD2d 663 [2000], *lv denied* 95 NY2d 960 [2000]).

Finally, defendant's contention that there was a typographical error on the verdict sheet is not preserved for our review (*see People v LaGuerre*, 29 AD3d 820 [2006], *lv denied* 7 NY3d 814 [2006]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Gorski, J.P., Martoche, Centra, Fahey and Peradotto, JJ.