[839 NYS2d 746]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAM-ROD SUTTON, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNIE SIMMONS, Appellant.

First Department, July 12, 2007

### APPEARANCES OF COUNSEL

*Robert S. Dean, Center for Appellate Litigation*, New York City (*Lyssa M. Sampson* of counsel), for Shamrod Sutton, appellant.

*Richard M. Greenberg, Office of the Appellate Defender*, New York City (*Risa Gerson* of counsel), for Donnie Simmons, appellant.

*Robert M. Morgenthau, District Attorney*, New York City (*Ellen Stanfield Friedman* and *Eleanor J. Ostrow* of counsel), for respondent.

### OPINION OF THE COURT

KAVANAGH, J.

On the morning of September 22, 2004, Police Officer Jason Miletic from the 28th Precinct's Street Narcotics Enforcement Unit observed defendant Shamrod Sutton approach defendant Donnie Simmons and saw Simmons hand Sutton money. Sutton then gave a black pouch to Simmons. A short while later, Officer Miletic observed an individual approach Simmons, who removed a small object from the black pouch, gave the object to the individual who in turn gave Simmons money. A few moments later, Officer Miletic observed a similar transaction between Simmons and another individual. When Sutton and Simmons were apprehended, the black pouch was recovered and 16 small ziplock bags of cocaine were found inside the pouch.

After being arrested, Simmons was initially charged with criminal possession of a controlled substance in the seventh degree on a misdemeanor complaint. That same day, Simmons was arraigned on the complaint and assigned counsel from the

Criminal Court Panel of the Assigned Counsel Plan. On September 27, 2004, the prosecutor indicated that he intended to present the charges against Simmons to a grand jury on September 29, 2004. At that time, Simmons's counsel orally indicated that Simmons intended to testify before the grand jury and the prosecutor served defense counsel with a letter informing Simmons of the date, time and location of the grand jury presentation. Simmons never provided written notice of his intention to appear before the grand jury as required and in fact did not appear.

On October 5, 2004, Simmons was charged by indictment with criminal possession of a controlled substance in the third and fifth degrees. He was arraigned on November 12, 2004 and on that date his assigned counsel, who was not a member of the "felony panel" of assigned attorneys, asked to be relived as counsel. New counsel was substituted and defendant entered a not guilty plea. Simmons's new counsel filed a motion to dismiss the indictment claiming that Simmons was not accorded an opportunity to appear before the grand jury, blaming his nonappearance on the fact that his assigned counsel was not felony-certified and claiming that counsel's lack of felony certification deprived him of the opportunity to appear before the grand jury.

The motion court properly denied Simmons's CPL 190.50 (5) (c) motion to dismiss the indictment. Initially it must be noted that Simmons failed to provide a written request to testify before the grand jury (*see People v Washington*, 284 AD2d 220 [2001], *lv denied* 96 NY2d 925 [2001]). In addition, the notice provided Simmons by the prosecutor set forth its intention to present the matter to the grand jury and provided specifics regarding the date, time and place of the presentation satisfying in all respects their obligation under the Criminal Procedure Law.

Similarly, there is no merit to Simmons's argument that he was constructively without counsel when the matter was to be presented to the grand jury for its consideration. We reject Simmons's claim that he was denied effective counsel because the court failed to assign him what he describes as "felony-qualified" counsel. An indigent defendant does not have the right to specify the qualifications of his or her court-appointed lawyer (*People v Batts*, 186 AD2d 208, 209 [1992]). The attorney Simmons characterizes as "misdemeanor counsel" was duly licensed to practice law in New York, and was thus legally eligible to represent a client in any category of legal matter,

subject to the requirement of being competent to handle the particular matter (*see* Code of Professional Responsibility DR 6-101 [a] [1] [22 NYCRR 1200.30 [a] [1]). There is nothing in the record to indicate that the attorney was incapable of effectively representing Simmons at the grand jury stage of these proceedings or as Simmons suggests, leaving Simmons constructively without counsel at a critical stage in this prosecution. Parenthetically, an attorney's role in a matter being presented to a grand jury is a rather limited one—the attorney may be present, witness the presentation and may advise, "but may not otherwise take any part in the proceeding" (CPL 190.52 [2]).

Moreover, the fact that counsel did not secure Simmons's appearance before the grand jury is, by itself, insufficient to demonstrate ineffective assistance of counsel (*see People v Wiggins*, 89 NY2d 872, 873 [1996]). In order to show ineffective assistance of counsel, Simmons must establish that his attorney's failure to effectuate his intent to testify before the grand jury resulted in prejudice to him (*see People v Alicea*, 229 AD2d 80 [1997], *lv denied* 90 NY2d 890 [1997]). Simmons does not make any showing of what would have been presented to the grand jury had he testified or that his appearance would have altered the final result. He does not state what testimony he would have offered or what evidence he would have sought to admit that might lead one to conclude that having heard it, the grand jury would have arrived at a different decision (CPL 190.50; *People v Mobley*, 309 AD2d 605 [2003], *lv denied* 1 NY3d 599 [2004]). We also note that Simmons did not testify at trial.* Under all of these circumstances, this Court cannot say that Simmons's failure to appear before the grand jury was the product of ineffective assistance of counsel.

After a jury trial, each defendant was convicted of criminal possession of a controlled substance in the third and fifth degrees. As to the claims raised by both defendants, we conclude that the prosecutor's summation did not deprive them of a fair trial (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]), and the court properly exercised its discretion in denying their mistrial motions challenging certain summation remarks. In this case where police credibility was at issue, the prosecutor made proper arguments concerning whether the police witnesses should be

---

* In fact, defendant Simmons at trial called no witnesses nor did he question the sole witness called by his codefendant.

believed, without "vouching" or expressing any personal opinion. The other challenged remarks constituted fair comment on the evidence and reasonable inferences that could be drawn therefrom, made in response to defense arguments.

The People's cross-examination of a defense witness as to alleged drug activity was made in good faith and had a reasonable basis in fact (*see People v Burwell*, 159 AD2d 407, 409 [1990], *lv denied* 76 NY2d 785 [1990]), since the People revealed the source of their information, and the witness had admittedly been convicted of several drug-related crimes.

We also reject Sutton's challenges to the sufficiency and weight of the evidence supporting his conviction. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Bleakley*, 69 NY2d 490, 495 [1987]).

Finally, Simmons's arguments for a reduced penalty under the Drug Law Reform Act (L 2004, ch 738) are without merit (*People v Utsey*, 7 NY3d 398 [2006]).

Accordingly, the judgment of the Supreme Court, New York County (Maxwell Wiley, J.), rendered March 21, 2005, convicting defendant Sutton, after a jury trial, of criminal possession of a controlled substance in the third and fifth degrees, and sentencing him, as a second felony offender, to an aggregate term of 5 to 10 years, should be affirmed. The judgment of the same court (Carol Berkman, J., at dismissal motion; Maxwell Wiley, J., at jury trial and sentence), rendered March 21, 2005, convicting defendant Simmons of criminal possession of a controlled substance in the third and fifth degrees, and sentencing him, as a second felony offender, to an aggregate term of 4½ to 9 years, should be affirmed.

CATTERSON, J. (dissenting as to *People v Donnie Simmons*). Because I believe that the defendant, Simmons, was effectively without counsel in this case from September 27, 2004, when the People served notice under CPL 170.20 of their intent to submit the case to the grand jury, until November 12, 2004, when felony qualified counsel was assigned, I must respectfully dissent.

It is uncontested that at the time that this defendant was arraigned on the misdemeanor charge of criminal possession of a controlled substance in the seventh degree, he was assigned counsel who was not on the felony panel. At the next court appearance, the People served the requisite 170.20 notice. The defendant was indicted on October 5, 2004. On October 10, the defendant moved pro se to dismiss the indictment under CPL

190.50 as he had not been afforded the opportunity to testify before the grand jury.

The defendant was arraigned on the indictment on November 12 and for the first time, an attorney from the felony panel appeared on his behalf. The defendant's prior counsel also appeared and asked that he be relieved. The record is devoid of any reference to contact between the defendant and *any* attorney between arraignment on the misdemeanor charge until after he was indicted. The court below denied the defendant's pro se motion on the grounds that the defendant's initial attorney failed to make his client available to the grand jury. The majority agreed with that view of the record, and hold that there is no right to be represented by "felony qualified" counsel.

I believe that this misstates the deficiency in this case. The simple fact of the matter is that it is uncontroverted that there is no evidence of record of any contact between the defendant and the defendant's original counsel from his original arraignment to the attorney's substitution postindictment. In my view, the defendant was simply abandoned by his attorney until new counsel was appointed from the felony panel. Thus, it is not a question of whether an attorney from the misdemeanor panel was either qualified to or effective in representing the defendant, but rather whether the defendant was represented at all prior to the grand jury voting to indict the defendant. Because I believe that the defendant simply was not represented, and had he been so represented he would have availed himself of the opportunity to testify before the grand jury, I would reverse the conviction and grant the defendant's motion to dismiss the indictment under CPL 190.50 (5) (c).

MAZZARELLI, J.P., WILLIAMS and GONZALEZ, JJ., concur with KAVANAGH, J.; CATTERSON, J., dissents as to defendant Simmons in a separate opinion.

Judgments, Supreme Court, New York County, rendered March 21, 2005, affirmed.