# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**922**

**KA 11-00452**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                   MEMORANDUM AND ORDER

BRANDON BIBBES, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), rendered January 4, 2011. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that the conviction is not supported by legally sufficient evidence based on the alleged inadequacy of the evidence of his intent to commit a crime within the dwelling. That contention is unpreserved for our review inasmuch as defendant's motion for a trial order of dismissal was not specifically directed at the alleged deficiency in the People's proof (*see People v Gray*, 86 NY2d 10, 19; *People v Roman*, 85 AD3d 1630, 1630, *lv denied* 17 NY3d 821). Even if defendant had moved at the close of the People's proof for a trial order of dismissal directed at the alleged deficiency, his contention nevertheless would not be preserved for our review because he did not renew the motion after presenting proof (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). To the extent that defendant is in effect contending that the verdict was inconsistent, i.e., that his acquittal of the attempted rape and sexual abuse charges necessarily should have led to an acquittal of the burglary charge, his contention is likewise unpreserved for our review inasmuch as he failed to object to the alleged inconsistency before the jury was discharged (*see People v Carter*, 39 AD3d 1226, 1227, *lv denied* 9 NY3d 863).

In any event, we reject defendant's contention (*see generally People v Bleakley*, 69 NY2d 490, 495). A person is guilty of burglary in the second degree under Penal Law § 140.25 (2) when he or she "knowingly enters or remains unlawfully in a building with intent to

commit a crime therein, and when . . . [t]he building is a dwelling."
Unless the People expressly limit their theory of liability to a
specific crime based on the pleadings (*see People v Barnes*, 50 NY2d
375, 379 n 3; *People v Kolempear*, 267 AD2d 327, 327-328, *lv denied* 95
NY2d 799) or the People effectively are so limited based on a victim's
trial testimony (*see People v Brown*, 251 AD2d 694, 695-696, *lv denied*
92 NY2d 1029), the People are required to allege and prove "only
defendant's general intent to commit a crime in the [dwelling] . . .,
not his [or her] intent to commit a specific crime" (*People v Lewis*, 5
NY3d 546, 552). Moreover, the People are not required to prove that
the intended crime was in fact committed (*see People v Mackey*, 49 NY2d
274, 279; *People v Porter*, 41 AD3d 1185, 1186, *lv denied* 9 NY3d 963;
*People v Collier*, 204 AD2d 1064, 1064, *lv denied* 84 NY2d 824).

Here, the victim testified that, after defendant knocked on her
door and told her that he had an emergency and needed to use her
telephone, she opened the door a crack. Defendant then "pushed the
door in" and cornered the victim in the hallway, choking and slapping
her. According to the victim, defendant made sexual comments to her
and began fondling her breasts while his erect penis was visible
through his pants. Defendant left the victim's residence only after
she kneed him in the groin. The People did not limit themselves in
their pleadings to the theory that defendant intended to commit a
particular crime inside the victim's dwelling. Even if, as defendant
contends, the People's evidence effectively limited their theory to an
allegation that defendant intended to commit rape and sexual abuse,
the People were required to prove only that defendant *intended* to
commit those crimes (*see Porter*, 41 AD3d at 1186), and the jury could
infer such intent "based upon the circumstances of the unlawful entry
as well as [defendant's] other actions while inside the [dwelling]"
(*People v Rivera*, 41 AD3d 1237, 1238, *lv denied* 10 NY3d 939). Thus,
"[i]t is of no moment that the jury acquitted defendant of sexual
abuse in the [first] degree . . . [T]hat crime requires proof of a
completed act, whereas burglary only requires an intent to commit a
crime" (*People v Williams*, 38 AD3d 327, 327-328, *lv denied* 9 NY3d
871). Here, the jury could have found that defendant intended to rape
the victim, but that he did not come "dangerously close" to fruition
(*People v Johnson*, 94 AD3d 1563, 1564, *lv denied* 19 NY3d 962 [internal
quotation marks omitted]). In addition, viewing the evidence in light
of the elements of the crime as charged to the jury (*see People v
Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not
against the weight of the evidence (*see generally Bleakley*, 69 NY2d at
495).

We reject defendant's further contention that Supreme Court erred
in permitting the victim to testify that, on the day after the
incident, defendant told the victim that he would "cap her and her
daughter" because he would not go to jail for a crime he did not
commit, and that defendant then pulled up his shirt and revealed "like
a little gun or something like that in his waist." It is well
established that " '[e]vidence of threats made by the defendant
against one of the People's witnesses, although evidence of prior bad
acts, [is] admissible on the issue of consciousness of guilt' "

(*People v Pugh*, 236 AD2d 810, 812, *lv denied* 89 NY2d 1099; *see People v Arguinzoni*, 48 AD3d 1239, 1240, *lv denied* 10 NY3d 859; *People v Maddox*, 272 AD2d 884, 885, *lv denied* 95 NY2d 867) and, here, we conclude that the court did not abuse its discretion in determining that the probative value of that evidence outweighed any "unfair prejudice" (*People v Dorm*, 12 NY3d 16, 19).  Defendant failed to preserve for our review his further contention that the court should have provided a contemporaneous limiting instruction inasmuch as he failed to request such an instruction (*see People v Burnell*, 89 AD3d 1118, 1121, *lv denied* 18 NY3d 922; *see generally People v Sommerville*, 30 AD3d 1093, 1094-1095).  In any event, in its jury charge, the court properly instructed the jury that the evidence could be considered only as evidence of defendant's consciousness of guilt, and the jury is presumed to have followed that instruction (*see People v Wallace*, 59 AD3d 1069, 1070, *lv denied* 12 NY3d 861).

Contrary to the further contention of defendant, we conclude that he was not denied effective assistance of counsel based on defense counsel's failure to assert the right of defendant to testify before the grand jury.  "In contrast to a defendant's right to testify at trial, a defendant's right to testify before the grand jury is a limited statutory right" (*People v Lasher*, 74 AD3d 1474, 1475, *lv denied* 15 NY3d 894), and the "failure of defense counsel to facilitate defendant's testimony before the grand jury does not, per se, amount to the denial of effective assistance of counsel" (*People v Simmons*, 10 NY3d 946, 949; *see People v Wiggins*, 89 NY2d 872, 873; *People v Perez*, 67 AD3d 1324, 1325, *lv denied* 13 NY3d 941).  Here, defendant has not established that defense counsel was ineffective based on that single failure.  In this case, as in *Simmons*, "defendant failed to establish that he was prejudiced by the failure of his attorney to effectuate his appearance before the grand jury" (*id.* at 949; *see also People v Ponder*, 42 AD3d 880, 881, *lv denied* 9 NY3d 925).  Aside from defendant's contention that the error precluded him from "presenting testimony of what actually occurred at the [victim]'s home," "there is no claim that had he testified in the grand jury, the outcome would have been different" (*Simmons*, 10 NY3d at 949; *see People v Rojas*, 29 AD3d 405, 406, *lv denied* 7 NY3d 794).  Notably, defendant did not testify at trial (*see People v Sutton*, 43 AD3d 133, 136, *affd sub nom. People v Simmons*, 10 NY3d 946, 947 n 1).

Finally, the sentence is not unduly harsh or severe.

Entered:  September 28, 2012                    Frances E. Cafarell
                                                Clerk of the Court