Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), rendered January 4, 2011. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that the conviction is not supported by legally sufficient evidence based on the alleged inadequacy of the evidence of his intent to commit a crime within the dwelling. That contention is unpreserved for our review inasmuch as defendant’s motion for a trial order of dismissal was not specifically directed at the alleged deficiency in the *1268 People’s proof (see People v Gray, 86 NY2d 10, 19 [1995]; People v Roman, 85 AD3d 1630, 1630 [2011], lv denied 17 NY3d 821 [2011]). Even if defendant had moved at the close of the People’s proof for a trial order of dismissal directed at the alleged deficiency, his contention nevertheless would not be preserved for our review because he did not renew the motion after presenting proof (see People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]). To the extent that defendant is in effect contending that the verdict was inconsistent, i.e., that his acquittal of the attempted rape and sexual abuse charges necessarily should have led to an acquittal of the burglary charge, his contention is likewise unpreserved for our review inasmuch as he failed to object to the alleged inconsistency before the jury was discharged (see People v Carter, 39 AD3d 1226, 1227 [2007], lv denied 9 NY3d 863 [2007]).
In any event, we reject defendant’s contention (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). A person is guilty of burglary in the second degree under Penal Law § 140.25 (2) when he or she “knowingly enters or remains unlawfully in a building with intent to commit a crime therein, and when . . . [t]he building is a dwelling.” Unless the People expressly limit their theory of liability to a specific crime based on the pleadings (see People v Barnes, 50 NY2d 375, 379 n 3 [1980]; People v Kolempear, 267 AD2d 327, 327-328 [1999], lv denied 95 NY2d 799 [2000]) or the People effectively are so limited based on a victim’s trial testimony (see People v Brown, 251 AD2d 694, 695-696 [1998], lv denied 92 NY2d 1029 [1998]), the People are required to allege and prove “only defendant’s general intent to commit a crime in the [dwelling] . . . , not his [or her] intent to commit a specific crime” (People v Lewis, 5 NY3d 546, 552 [2005]). Moreover, the People are not required to prove that the intended crime was in fact committed (see People v Mackey, 49 NY2d 274, 279 [1980]; People v Porter, 41 AD3d 1185, 1186 [2007], lv denied 9 NY3d 963 [2007]; People v Collier, 204 AD2d 1064, 1064 [1994], lv denied 84 NY2d 824 [1994]).
Here, the victim testified that, after defendant knocked on her door and told her that he had an emergency and needed to use her telephone, she opened the door a crack. Defendant then “pushed the door in” and cornered the victim in the hallway, choking and slapping her. According to the victim, defendant made sexual comments to her and began fondling her breasts while his erect penis was visible through his pants. Defendant left the victim’s residence only after she kneed him in the groin. The People did not limit themselves in their pleadings to the theory that defendant intended to commit a particular crime *1269 inside the victim’s dwelling. Even if, as defendant contends, the People’s evidence effectively limited their theory to an allegation that defendant intended to commit rape and sexual abuse, the People were required to prove only that defendant intended to commit those crimes (see Porter, 41 AD3d at 1186), and the jury could infer such intent “based upon the circumstances of the unlawful entry as well as [defendant’s] other actions while inside the [dwelling]” (People v Rivera, 41 AD3d 1237, 1238 [2007], lv denied 10 NY3d 939 [2008]). Thus, “[i]t is of no moment that the jury acquitted defendant of sexual abuse in the [first] degree . . . [T]hat crime requires proof of a completed act, whereas burglary only requires an intent to commit a crime” (People v Williams, 38 AD3d 327, 327-328 [2007], lv denied 9 NY3d 871 [2007]). Here, the jury could have found that defendant intended to rape the victim, but that he did not come “dangerously close” to fruition (People v Johnson, 94 AD3d 1563, 1564 [2012], lv denied 19 NY3d 962 [2012] [internal quotation marks omitted]). In addition, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
We reject defendant’s further contention that Supreme Court erred in permitting the victim to testify that, on the day after the incident, defendant told the victim that he would “cap her and her daughter” because he would not go to jail for a crime he did not commit, and that defendant then pulled up his shirt and revealed “like a little gun or something like that in his waist.” It is well established that “ ‘[e]vidence of threats made by the defendant against one of the People’s witnesses, although evidence of prior bad acts, [is] admissible on the issue of consciousness of guilt’ ” (People v Pugh, 236 AD2d 810, 812 [1997], lv denied 89 NY2d 1099 [1997]; see People v Arguinzoni, 48 AD3d 1239,1240 [2008], lv denied 10 NY3d 859 [2008]; People v Maddox, 272 AD2d 884, 885 [2000], lv denied 95 NY2d 867 [2000]) and, here, we conclude that the court did not abuse its discretion in determining that the probative value of that evidence outweighed any “unfair prejudice” (People v Dorm, 12 NY3d 16, 19 [2009]). Defendant failed to preserve for our review his further contention that the court should have provided a contemporaneous limiting instruction inasmuch as he failed to request such an instruction (see People v Burnell, 89 AD3d 1118, 1121 [2011], lv denied 18 NY3d 922 [2012]; see generally People v Sommerville, 30 AD3d 1093, 1094-1095 [2006]). In any event, in its jury charge, the court properly instructed the jury that the evidence could be considered only as evidence of defendant’s *1270 consciousness of guilt, and the jury is presumed to have followed that instruction (see People v Wallace, 59 AD3d 1069, 1070 [2009], lv denied 12 NY3d 861 [2009]).
Contrary to the further contention of defendant, we conclude that he was not denied effective assistance of counsel based on defense counsel’s failure to assert the right of defendant to testify before the grand jury. “In contrast to a defendant’s right to testify at trial, a defendant’s right to testify before the grand jury is a limited statutory right” (People v Lasher, 74 AD3d 1474, 1475 [2010], lv denied 15 NY3d 894 [2010]), and the “failure of defense counsel to facilitate defendant’s testimony before the grand jury does not, per se, amount to the denial of effective assistance of counsel” (People v Simmons, 10 NY3d 946, 949 [2008]; see People v Wiggins, 89 NY2d 872, 873 [1996]; People v Perez, 67 AD3d 1324, 1325 [2009], lv denied 13 NY3d 941 [2010]). Here, defendant has not established that defense counsel was ineffective based on that single failure. In this case, as in Simmons, “defendant failed to establish that he was prejudiced by the failure of his attorney to effectuate his appearance before the grand jury” (id. at 949; see also People v Ponder, 42 AD3d 880, 881 [2007], lv denied 9 NY3d 925 [2007]). Aside from defendant’s contention that the error precluded him from “presenting testimony of what actually occurred at the [victim]’s home,” “there is no claim that had he testified in the grand jury, the outcome would have been different” (Simmons, 10 NY3d at 949; see People v Rojas, 29 AD3d 405, 406 [2006], lv denied 7 NY3d 794 [2006]). Notably, defendant did not testify at trial (see People v Sutton, 43 AD3d 133, 136 [2007], affd sub nom. People v Simmons, 10 NY3d 946, 947 n 1 [2008]).
Finally, the sentence is not unduly harsh or severe. Present— Centra, J.P, Peradotto, Garni, Lindley and Sconiers, JJ.