# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1305

KA 12-01004

PRESENT: SMITH, J.P., PERADOTTO, CARNI, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

MARK L. FELDHOUSEN, DEFENDANT-APPELLANT.

---

JON L. WILSON, LOCKPORT (LEONARD G. TILNEY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered June 22, 2011. The judgment convicted defendant, upon a jury verdict, of assault in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of assault in the third degree (Penal Law § 120.00 [2]). Defendant contends that County Court erred in charging assault in the third degree as a lesser included offense of assault in the second degree (Penal Law § 120.05 [2]) because there is no reasonable view of the evidence that could support a finding that defendant did not act intentionally. Inasmuch as defendant objected to that charge on a different ground at trial, he failed to preserve his current contention for our review (*see* CPL 470.05 [2]; *People v Autar*, 54 AD3d 609, *lv denied* 11 NY3d 922).

In any event, defendant's contention lacks merit. The court properly charged the lesser included offense of assault in the third degree (Penal Law § 120.00 [2]) because there is a reasonable view of the evidence to support a finding that defendant committed that crime (*see generally People v Glover*, 57 NY2d 61, 63). Based upon the testimony of defendant and the victim, the jury could rationally conclude that defendant did not intend to cause physical injury to the victim but, instead, consciously disregarded the substantial and unjustifiable risk that his physical contact with the victim would cause physical injury (*see* §§ 15.05 [3], 120.00 [2]). The fact that defendant acted deliberately "does not necessarily preclude a finding of recklessness" (*People v Lora*, 85 AD3d 487, 492, *appeal dismissed* 18

NY3d 829).