SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**628**

**KA 10-01247**

PRESENT: SCUDDER, P.J., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                              MEMORANDUM AND ORDER

STEVEN B. ROSEBOROUGH, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANE I. YOON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ERIN TUBBS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John L. DeMarco, J.), rendered April 14, 2010. The judgment convicted defendant, upon a jury verdict, of burglary in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the third degree (Penal Law § 140.20). Contrary to defendant's contention, we conclude under the circumstances of this case that County Court (McCarthy, J.), properly denied that part of defendant's motion seeking dismissal of the indictment pursuant to CPL 30.30 (*see People v Freeman*, 38 AD3d 1253, 1253, *lv denied* 9 NY3d 875, *reconsideration denied* 10 NY3d 811; *People v Smith*, 1 AD3d 955, 956, *lv denied* 1 NY3d 634). Viewing the evidence in the light most favorable to defendant, as we must (*see People v Martin*, 59 NY2d 704, 705), we further conclude that County Court (DeMarco, J.), properly denied defendant's request to charge criminal trespass in the third degree as a lesser included offense (Penal Law § 140.10). Criminal trespass in the third degree is a lesser included offense of burglary in the third degree inasmuch as "it is impossible to commit the greater offense without at the same time committing the lesser" (*People v Blim*, 63 NY2d 718, 720; *see People v Collier*, 258 AD2d 891, 892). Nevertheless, the court properly denied defendant's request because, "[i]f defendant's version of the events were believed, defendant would not be guilty of any crime" (*People v Sheldon*, 262 AD2d 1060, 1061, *lv denied* 93 NY2d 1045). Thus, "under no reasonable view of the evidence could the jury have found that defendant committed the lesser offense but not the greater" (*Blim*, 63 NY2d at 720). Finally, we conclude that the court did not abuse its discretion in refusing to permit surrebuttal testimony from defendant's wife, part of which concerned a collateral matter (*see*

*generally People v Petty*, 7 NY3d 277, 287), and the other part of which constituted inadmissible hearsay (*see generally People v Burwell*, 159 AD2d 407, 408-409, *lv denied* 76 NY2d 785).

Entered:  June 13, 2014                          Frances E. Cafarell
                                                 Clerk of the Court