# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**978**
**KA 08-00633**
PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

KENNETH H. SMITH, DEFENDANT-APPELLANT.

---

CHARLES T. NOCE, CONFLICT DEFENDER, ROCHESTER (KIMBERLY J. CZAPRANSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ERIN TUBBS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered December 19, 2007. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [2]), defendant contends that County Court erred in refusing to charge assault in the third degree as a lesser included offense. Even assuming, arguendo, that defendant preserved for our review each of the grounds that he now advances on appeal in support of his contention (*see People v Feldhousen*, 103 AD3d 1114, 1115, *lv denied* 21 NY3d 912), we conclude that his contention lacks merit. Although assault in the third degree is a lesser included offense because "it is theoretically impossible to commit assault in the second degree under [Penal Law § 120.05 (2)] without at the same time committing assault in the third degree under [Penal Law § 120.00 (1)]" (*People v Fasano*, 107 AD2d 1052, 1052), there is no " 'reasonable view of the evidence . . . that would support a finding that he committed the lesser offense but not the greater' " (*People v Stanford*, 87 AD3d 1367, 1368, *lv denied* 18 NY3d 886, quoting *People v Glover*, 57 NY2d 61, 63; *see People v Roseborough*, 118 AD3d 1347, 1347).

Contrary to defendant's further contention, he was not denied effective assistance of counsel based on defense counsel's failure to facilitate defendant's testimony before the grand jury. It is well settled that such failure "does not, per se, amount to the denial of effective assistance of counsel" (*People v Simmons*, 10 NY3d 946, 949; *see People v Bibbes*, 98 AD3d 1267, 1270, *amended on rearg* 100 AD3d 1473, *lv denied* 20 NY3d 931), and defendant has failed to demonstrate

that defense counsel was ineffective based on that single failure (*see Bibbes*, 98 AD3d at 1270). Defendant failed to establish that he was prejudiced by defense counsel's failure; he has not demonstrated "what testimony he would have offered or what evidence he would have sought to admit that might lead one to conclude that having heard it, the grand jury would have arrived at a different decision" (*People v Sutton*, 43 AD3d 133, 136, *affd sub nom. Simmons*, 10 NY3d at 947 n 1) and, notably, he did not testify at trial (*see Bibbes*, 98 AD3d at 1270; *Sutton*, 43 AD3d at 136). We conclude on the record before us that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Finally, to the extent that defendant alleges that his right to counsel was violated when he was arraigned on the felony complaint, we conclude that any "such error was cured upon the return of the indictment" (*People v Winch*, 50 AD2d 948, 948). "It is well settled that the finding of an indictment supersedes any prior proceedings in a local criminal court" (*id.*).

Entered: October 3, 2014                    Frances E. Cafarell
                                            Clerk of the Court