# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

380

KA 15-00971

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JONATHAN ARCHIBALD, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered October 29, 2014. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of assault in the second degree (Penal Law § 120.05 [2]). Supreme Court sentenced defendant as a persistent felony offender to an indeterminate term of incarceration of 15 years to life. Defendant contends that the evidence is legally insufficient to establish that he possessed a dangerous instrument, i.e., a knife, and that he used it intentionally to cause physical injury to the victim. We reject that contention. The victim testified that he saw defendant with a knife in his hand, and observed and felt defendant use the knife to cut him across the face. We note that the victim's testimony is buttressed by videotape and photographic evidence depicting defendant holding an elongated shiny object and also depicting blood at various locations inside the store where the assault had occurred. That evidence is legally sufficient to establish defendant's identity as the assailant and his use of a dangerous instrument to intentionally inflict physical injury upon the victim (*see People v Butler*, 140 AD3d 1610, 1610-1611, *lv denied* 28 NY3d 969; *see also People v Bleakley*, 69 NY2d 490, 495). Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict is against the weight of the evidence (*see Butler*, 140 AD3d at 1611; *see generally Bleakley*, 69 NY2d at 495).

We reject defendant's further contention that the court erred in refusing to charge third-degree assault as a lesser included offense of second-degree assault. Although " 'it is theoretically impossible to commit assault in the second degree under [Penal Law § 120.05 (2)] without at the same time committing assault in the third degree under [Penal Law § 120.00 (1)]' " (*People v Smith*, 121 AD3d 1568, 1569, *lv denied* 26 NY3d 1150; *see People v Fasano*, 107 AD2d 1052, 1052; *see generally* CPL 1.20 [37]; *People v Glover*, 57 NY2d 61, 63-64), here there is no reasonable view of the evidence that would support a finding that defendant committed the lesser offense but not the greater (*see Smith*, 121 AD3d at 1569; *People v Samuels*, 113 AD3d 1117, 1117, *lv denied* 24 NY3d 964).

Defendant's contention that the sentence imposed by the court violated his right to be free from cruel and unusual punishment pursuant to the Eighth Amendment of the United States Constitution and article I, § 5 of the New York Constitution is not preserved for our review inasmuch as defendant did not raise it before the sentencing court (*see People v Ludwig*, 104 AD3d 1162, 1164, *affd* 24 NY3d 221; *People v Kirk*, 96 AD3d 1354, 1359, *lv denied* 20 NY3d 1012). In any event, it is without merit (*see Kirk*, 96 AD3d at 1359; *People v Verbitsky*, 90 AD3d 1516, 1516, *lv denied* 19 NY3d 868). We reject defendant's further contention that the sentence is unduly harsh and severe.

Finally, we note that the record does not support defendant's contention that he was deprived of effective assistance of counsel and due process because defense counsel and the court allegedly misled him about the advisability of going to trial. We note that the record does not demonstrate that defendant was offered the opportunity to plead guilty in exchange for a sentence less than that ultimately imposed. Moreover, the record does not conclusively reveal what defendant and his counsel knew about the strengths and weaknesses of the People's case prior to trial, particularly with reference to the contents of the videotape, and what impact that knowledge may have had on defendant's decision to go to trial. Because defendant's contentions involve matters outside the record on appeal, they must be raised by way of a motion pursuant to CPL article 440 (*see People v Smith*, 145 AD3d 1628, 1630; *People v Riley*, 117 AD3d 1495, 1496, *lv denied* 24 NY3d 1088; *see also People v Thomas*, 144 AD3d 1596, 1597). We conclude on the record before us that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Entered:  March 31, 2017                    Frances E. Cafarell
                                            Clerk of the Court